UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARGARET BRENNAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  4:13CV1055 TIA |
| ) | |
| NORTHFIELD INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Margaret Brennan's Motion to Add Party and Remand (Docket No. 9).  The parties have responded to the pending motion.  The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On May 22, 2013, Plaintiff Margaret Brennan, a Missouri resident,  filed an Amended Suit in Equity against Defendant Northfield Insurance Company ("Northfield"), an Iowa corporation with its principal place of business in Minnesota, in the Circuit Court of St. Charles County, Missouri, seeking a garnishment against Northfield in the amount of $900,000.00 and statutory interest to satisfy the judgment entered in favor of Plaintiff against David Ragan, the judgment debtor and Northfield's insured.

On June 5, 2013, Northfield removed the cause to this Court, invoking this Court's diversity jurisdiction.  In the Motion to Add A Required Party and Remand, Plaintiff contends that the plain language of § 379.200 requires this equitable garnishment action be filed against the judgment debtor and his insurer.  Plaintiff avers that David Ragan is a Missouri resident and so the joinder of Ragan would destroy the diversity jurisdiction and consequently the Court would lack subject matter jurisdiction over the underlying action.  For the following reasons, Plaintiff's argument is well taken,

and this matter should be remanded to state court

The undersigned finds that the coverage dispute between Plaintiff and Northfield can satisfactorily be adjudicated in the equitable garnishment proceeding. Courts have consistently held that §379.200 requires plaintiffs to join the judgment debtor in an equitable garnishment action filed pursuant to this statute. See Glover v. State Farm Fire & Cas. Co., 984 F.2d 259, 261 (8th Cir. 1993) (recognizing "the plain statutory command that the judgment debtor be joined in an action under §379.200); Prendergast v. Alliance Gen. Ins. Co., 921 F. Supp. 653, 655 (E.D. Mo. 1996) (holding that the clear language of Missouri Revised Statute § 379.200 requires that the plaintiff join the judgment debtor in an equitable garnishment action); Haines v. Sentinel Ins. Co., 2009 WL 6489894, at *2 (W.D. Mo. Mar. 11, 2009) (finding judgment debtor is a necessary party-defendant to a

§ 379.200 action); Parsons v. Allstate Ins. Co., Cause No. 02-421-CV-W-FJG, slip op. at 7 (W.D. Mo. Mar. 31, 2003) (remanding case because joinder of a non-diverse judgment debtor "is mandated by § 379.200.").[1]  David Ragan as the judgment debtor must be joined as a necessary party to the instant equitable garnishment action. Mo. Rev Stat. § 379.200.

Consideration of the aforementioned factors persuades the Court that Plaintiff's Motion to Add Required Party and Remand should be granted and the instant action will be remanded inasmuch as complete diversity of citizenship will be lacking, the Court lacks jurisdiction over the case.

---

[1]Northfield's alternative argument that Ragan should be treated as a nominal party whose joinder does not destroy jurisdiction is unpersuasive. This Court has held that judgment debtors are "necessary party-defendants to a § 379.200 claim. Demann v. Liberty Mut. Fire Ins. Co., Cause Number 4:12cv990ERW at 4 (ECF No. 35) ("[A]s a properly-joined insured, the defendant destroys complete diversity in a  § 379.200 equitable garnishment proceeding; the defendant cannot be a nominal party whose residency can be ignored.")

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Margaret Brennan's Motion to Add Party and Remand (Docket No. 9) is **GRANTED**, and this case is remanded to the Circuit Court of St. Charles County, State of Missouri.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this action to the Circuit Court of St. Charles County.

An appropriate Order of Remand will accompany this Order.

Dated this   8th    day of July, 2013.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE